Entered on Docket
October 24, 2005
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: October 21, 2005

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>GEORGE Q. CHEN,<br><br>Debtor(s) | Bankruptcy Case<br>No.03-32157DM<br><br>Chapter 11 |
| TERRA NOVA INDUSTRIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE Q. CHEN; GQC HOLDINGS, INC., a California corporation; GQC HOLDING COMPANY, INC., a California corporation; RESTAURANT QI-SFO, LLC a California limited liability company; QI ASSOCIATES, LLC, a California corporation; PACIFIC GATEWAY PARTNERSHIP, a business entity doing business in California; REININGA CORPORATION, a California corporation; and MARKETPLACE DEVELOPMENT, a business entity,<br><br>Defendants. | Adversary Proceeding<br>No. 03-3712DM |

MEMORANDUM DECISION REGARDING GEORGE Q. CHEN'S
MOTION FOR AWARD OF ATTORNEY'S FEES

**I. Introduction**

Terra Nova Industries, Inc. ("Terra Nova") failed in its 11 U.S.C. § 523(a)(2)(A) nondischargeability proceeding against debtor and defendant George Q. Chen ("Chen"). Terra Nova sought a

-1-

determination that Chen was an alter ego of GQC Holdings, Inc. and related entities ("GQC"); monetary damages, costs, attorney's fees, and interest; and a determination of nondischargeability. After judgment was entered in his favor, Chen filed a motion to recover his attorney's fees pursuant to the contract between GQC and Terra Nova ("Contract"). Under California law, recovery of contractual attorney's fees is governed by Cal. Civ. Code § 1717 ("CCC § 1717") and Cal. Civ. Proc. Code § 1021 ("CCPC § 1021"). Terra Nova argues that Chen is not entitled to an award of contractual attorney's fees under applicable California and bankruptcy law, and is barred from seeking attorney's fees because he failed to plead them as a claim in his answer as required by Fed. R. Bankr. P. 7008(b) ("Rule 7008(b)").

For the reasons stated below, the court concludes that Chen may not recover his attorney's fees under CCC § 1717 or CCPC § 1021. Chen is not entitled to recovery under CCC § 1717 because Chen was not the prevailing party in any action on the Contract. Chen is not entitled to recovery under CCPC § 1021 because he only prevailed on nondischargeability, a tort claim, not a contract claim, and neither the Contract nor the law permit recovery of attorney's fees for successfully litigating the nondischargeability tort claim.

Chen's failure to plead attorney's fees as a claim in his answer does not affect the outcome. If Chen were entitled to recover on the merits, the court would have to balance the federal rules' liberal pleading regime under Fed. R. Civ. P. 54(c) ("Rule 54(c)") and Fed. R. Civ. P. 15 against the mandate of Fed. R. Bankr. P. 7008(b) ("Rule 7008(b)"). However, in this case, the

court need not decide whether failure to plead attorney's fees bars recovery.

## II. Facts and Procedural History[1]

In 2000, GQC entered into the Contract with Terra Nova whereby Terra Nova was to assist in building a restaurant at San Francisco International Airport. The Contract had a prevailing party attorney's fee clause. Eventually, GQC stopped paying Terra Nova, which nonetheless continued to perform work.

On July 25, 2003, Chen filed a voluntary petition for Chapter 13 bankruptcy. On August 13, 2003, the court ordered the case converted to Chapter 11. On July 15, 2005, while this adversary proceeding was pending, the court ordered the case converted to Chapter 7.

On December 1, 2003, Terra Nova filed its nondischargeability complaint against Chen, and on November 17, 2004, its amended complaint ("Complaint"). In its Complaint, Terra Nova requested a determination that Chen was an alter ego of GQC and other related corporations and was therefore personally liable on the Contract. It also sought damages of $525,990, the amount of outstanding unpaid invoices under the Contract, "reasonable costs and attorney's fees pursuant to contract and statute," interest, and a nondischargeability determination under 11 U.S.C. § 523(a)(2)(A).

In his answer, filed on December 10, 2004, Chen did not assert any counterclaims, and in his prayer for relief, he requested "[t]hat Plaintiff take nothing by reason of its

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

-3-

complaint," "[f]or costs of suit; and" "[f]or such other and further relief as is proper in the premises." He did not plead a claim for, or otherwise request, recovery of his attorney's fees. In its trial brief, Terra Nova argued for its attorney's fees pursuant to the Contract and stated that "Plaintiff will be making a claim for reimbursement of its attorney's fees and costs incurred in its collection efforts. The amount of the fees and costs claimed will be proved at trial." Terra Nova raised its attorney's fees in its opening statement at trial. Chen did not address attorney's fees in his trial brief or at trial.

On July 22, 2005, this court issued a judgment ordering that Terra Nova take nothing from Chen by way of its complaint, but specifying that the judgment had no effect on Terra Nova's claim against Chen's bankruptcy estate; that subject to Chen's receipt of a discharge, all debts owed by Chen to Terra Nova were dischargeable; and that Chen recover all his costs of suit but that any claim attorney's fees shall be brought by separate motion.

On August 8, 2005, Chen filed a motion to recover attorney's fees. Terra Nova filed its opposition on August 26, and Chen filed his reply on September 2. The hearing in this matter was held on September 9, 2005.

### III. Issues

A. Whether Chen may recover attorney's fees pursuant to the Contract.

B. Whether Chen is barred from recovering attorney's fees by failing to plead them as a claim in his answer.

-4-

## IV. Discussion

Under the American Rule, applied by federal courts, each party must pay his or her own attorney's fees absent "a contract or statute granting a right to attorney's fees," "the conferring of a common benefit by the recovery of a fund or property," "willful disobedience of a court order," or "a finding that the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Skehan v. Bd. of Trs. of Bloomsburg State Coll., 538 F.3d 53, 56 (3rd Cir. 1976) (citing Alyeska Pipeline Servs. Co. v. Wilderness Soc'y, 421 U.S. 240 (1975)); see also Engel v. Teleprompter Corp., 732 F.2d 1238, 1240 (5th Cir. 1984) (exceptions to the American rule have "always been recognized where a fee award is authorized either by statute or by private contract."); V. M. v. S. S. (In re S. S.), 271 B.R. 240, 245 (Bankr. D.N.J. 2002).

**A. Chen May Not Recover Attorney's Fees Pursuant To The Contract**

    1. Recovery of Contractual Attorney's Fees Is Governed By California Law

Although there is no general right to attorney's fees under bankruptcy law, "a prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." Ford v. Baroff (In re Baroff), 105 F.3d 439, 441 (9th Cir. 1997); Fobian v. W. Farm Credit Bank (In re Fobian), 951 F.2d 1149, 1153 (9th Cir. 1991) (in bankruptcy proceedings, awards of contractual attorney's fees are governed by state law). In nondischargeability proceedings, "'[t]he

-5-

determinative question . . . is whether the successful plaintiff could recover attorney's fees in a non-bankruptcy court.'" Sea Win, Inc. v. Tran (In re Tran), 301 B.R. 576, 584 (Bankr. N.D. Cal. 2003) (quoting AT & T Universal Card Servs., Corp. v. Pham (In re Pham), 250 B.R. 93, 99 (B.A.P. 9th Cir. 2000)). When the litigated issues are particular to federal bankruptcy law and do not involve state law questions, "attorney's fees will not be awarded absent bad faith or harrassment by the losing party." Fobian, 951 F.2d at 1153 (citing Collingwood Grain, Inc. v. Coast Trading Co. (In re Coast Trading Co.), 744 F.2d 686, 693 (9th Cir. 1984) ("Absent bad faith or harassment, attorney's fees are not available for the litigation of federal bankruptcy issues under a contract which provides for attorney's fees for enforcement of the contract.")).

Therefore, Chen may be able to recover his attorney's fees pursuant to the Contract if available under California law, including CCC § 1717 (reciprocal award of attorney's fees) and CCPC § 1021 (award of attorney's fees governed by contract). Otherwise, if the litigated issues were particular to bankruptcy law, Chen may not recover.

        2.    Chen May Not Recover Attorney's Fees Under California Civil Code § 1717

CCC § 1717(a) provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that

-6-

contract, shall be awarded either to one of the
parties or to the prevailing party, then the
party who is determined to be the party
prevailing on the contract, whether he or she is
the party specified in the contract or not,
shall be entitled to reasonable attorney's fees
in addition to other costs.

Accordingly, in order for Chen to recover attorney's fees under CCC § 1717, he must show that the adversary proceeding was an "action on a contract," that Chen was the prevailing party, and that the Contract provides for an award of attorney's fees incurred to enforce the Contract.

        a.    Each Issue Litigated Must Be Analyzed Separately

CCC § 1717 authorizes the recovery of attorney's fees only in an "action on a contract." Terra Nova claims that the adversary proceeding was not an action on a contract because the complaint did not contain a breach of contract claim. Rather, Terra Nova asserts that because it stated only one claim for nondischargeability for fraud under § 523(a)(2)(A), Chen may not recover attorney's fees under CCC § 1717.

A § 523(a)(2)(A) nondischargeability proceeding may be considered an action on a contract even when the plaintiff only asserts only one claim for fraud. See Pham, 250 B.R. at 96 (even though the plaintiff did not expressly specify breach of contract as a ground for relief, it nonetheless pleaded a contract cause of action because it sought "determination of [a] debt and recovery of attorney's fees" based on its contract with the debtor). If a

-7-

proceeding involves contract and tort claims, attorney's fees may only be recovered under CCC § 1717 for the contract claims. Redwood Theatres, Inc. v. Davison (In re Davison), 289 B.R. 716, 723 (B.A.P. 9th Cir. 2003) ("If an action asserts both contract and tort or other noncontract claims, . . . [CCC §] 1717 applies only to attorney fees incurred to litigate the contract claims."); Reynolds Metals Co. v. Alperson, 599 P.2d 83, 86 (Cal. 1979) (en banc) ("Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they relate to the contract action."). Each issue actually litigated must be analyzed separately to determine whether it constituted an action on the contract and, if so, whether the attorney's fees incurred to litigate that issue are recoverable under CCC § 1717. See McKenzie v. Kaiser-Aetna, 127 Cal. Rptr. 275, 278 (Cal. Ct. App. 1976).

        b.    Terra Nova Litigated Issues Beyond Nondischargeability

In determining whether a proceeding was an action on a contract, courts may look beyond the parties' pleadings. Tran, 301 B.R. at 584 (citing Yadidi v. Herzlich (In re Yadidi), 274 B.R. 843, 851–852 (B.A.P. 9th Cir. 2002) and Fed. R. Civ. P. 15(b)) ("Once a case is tried, what was actually litigated takes precedence over the pleadings."). In Tran, the court held that an adversary proceeding included a claim for breach of contract, even

-8-

though the complaint only asserted nondischargeability claims, because "the trial was conducted primarily as a breach of contract action." Id. The defendant had disputed liability under the contract, requiring the plaintiff to put on evidence to establish both dischargeability and breach of contract. Id.

In this proceeding, Terra Nova needed to establish more than nondischargeability. First, it had to establish Chen's liability, and to do so, it sought to prove that Chen was an alter ego of GQC and that Chen, as GQC's alter ego, owed at least $525,990 for unpaid invoices. Then it had to establish that Chen's debt was nondischargeable due to fraud. The court must determine whether the litigation of each of these issues was an action on the Contract and, if so, whether Chen was the prevailing party.

    c.    Chen May Not Recover Attorney's Fees Under CCC § 1717 For Terra Nova's Attempt to Establish Liability Under The Contract

Under California law, an action to establish alter ego liability under a contract is an action on a contract. See Reynolds, 599 P.2d at 85 (under CCC § 1717, an "action on a contract" includes "any action where it is alleged that a person is liable on a contract, whether or not the court concludes he is a party to that contract."). An action to establish the existence or amount owed pursuant to a contract is also an action on a contract. See Baroff, 105 F.3d at 442-443. Therefore, Terra Nova's attempt to establish liability was an action on the

-9-

Contract.

To recover under CCC § 1717, Chen must have been the prevailing party. Cal. Civ. Code § 1717(b)(1) reads:

> The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

The trial court is given wide discretion in determining the prevailing party. <u>Sears v. Baccaglio</u>, 70 Cal. Rptr. 2d 769, 784 (Cal. Ct. App. 1998). Because this court did not rule on either the alter ego issue or the amount of debt owed, there was no prevailing party on either issue. Accordingly, Chen may not recover his attorney's fees under CCC § 1717 for litigating the liability portion of the proceeding.

        d.    Chen May Not Recover Attorney Fees Under CCC § 1717 For Terra Nova's Nondischargeability Claim

Because this court held that Chen's debt was dischargeable, Chen was the prevailing party on the nondischargeability claim. To recover his attorney's fees, the litigation of the claim must have been an action on the Contract within the meaning of CCC § 1717. In determining whether it was, the court may look at whether the Contract played an integral role in the proceeding.

-10-

See Baroff, 105 F.3d at 442 (nondischargeability action "was an action on [the] contract because the document containing the attorney's fee clause . . . played an integral role in the proceedings."). The Baroff court distinguished Grove v. Fulwiler (In re Fulwiler), 624 F.2d 908 (9th Cir. 1980), where the contract was collateral to the nondischargeability proceedings. Baroff, 105 F.3d at 442. In Fulwiler, the "bankruptcy court did not adjudicate the validity of the note in determining whether the debt was dischargeable." Id. (citing Fulwiler, 624 F.2d at 909-910). "Rather, the court determined that the debtors obtained the loan evidenced by the note through fraud." Id. The Ninth Circuit "held that if the bankruptcy court did not need to determine whether the contract was enforceable, then the dischargeability claim [was] not an action on the contract within the meaning of CCC § 1717." Davison, 289 B.R. at 723 (citing Am. Express Travel Related Servs. Co. Inc. (In re Hashemi), 104 F.3d 1122, 1126 (9th Cir. 1996)). In Santisas, the California Supreme Court narrowed the analysis further, holding that "only a contract *claim* is an action on a contract within the meaning of . . . [CCC] § 1717." Davison, 289 B.R. at 724 (citing Santisas, 951 P.2d at 409) (internal quotations omitted) (emphasis added). Accordingly, the Ninth Circuit BAP held that it would award attorney's fees "only if the action involves a contract claim." Id.

-11-

Here, while the Contract was necessary for context, it played played no meaningful role in this court's dischargeability determination. The court found that the alleged debt was dischargeable because Terra Nova failed to show that Chen had knowingly made material misrepresentations or that Terra Nova justifiably relied on any representations. Further, the nondischargeability claim was a tort claim, not a contract claim. See Davison, 289 B.R. at 724; Pham, 250 B.R. at 97 ("federal cause of action for nondischargeability for fraud . . . is entirely a tort action, and not an action on a contract."). Litigants may not recover attorney's fees under CCC § 1717 for tort claims. Santisas, 951 P.2d at 209 (an action is "outside the ambit of [CCC] § 1717 insofar as it asserts tort claims."). Accordingly, Chen may not recover his attorney's fees under CCC § 1717 for litigating the nondischargeability claim.

3. Chen May Not Recover Attorney's Fees Under California Civil Procedure Code Section 1021

Attorney's fees may be recoverable under CCPC § 1021 even if not recoverable under CCC § 1717. Davison, 289 B.R. at 724. Unlike CCC § 1717, CCPC § 1021 allows recovery for tort and contract actions. Id. CCPC § 1021 provides:

> Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or

-12-

proceedings are entitled to their costs,
as hereinafter provided.

Chen only prevailed in litigating the nondischargeability claim, which was purely a tort action. Pham, 250 B.R. at 97. To determine whether attorney's fees are recoverable in a tort action, the court looks to the language of the agreement. Davison, 289 B.R. at 724. Section 14.6.5 of the Contract provides: "In the event it becomes necessary for the Contractor to engage legal counsel to collect payments due and unpaid under the Contract Documents, the prevailing party shall be entitled to all costs of collection including reasonable attorney's fees."

To recover attorney's fees, Chen must show that the Contract provided for an attorney's fee award in a tort action. In Davison, the court declined to award attorney's fees under CCPC § 1021 to the prevailing debtor in a nondischargeability proceeding. The contract at issue in Davison provided that attorney's fees would be awarded to the prevailing party if "any action at law or equity" was necessary to "**enforce** or to interpret **the terms of [the] Agreement**." 289 B.R. at 724 (emphasis added). The court found that the words "to enforce" meant that the creditor's action must have been brought to enforce its rights under the agreement, a limited meaning not encompassing fraud claims. Id. at 725.

Here, the Contract's language is narrower than in Davison. The phrase "collect payments due and unpaid under the Contract" is

-13-

one of several means of enforcing the terms of the Contract. It has no application other than in connection with enforcing the terms of the Contract, as it otherwise might have if the language had simply read "collect payments due and unpaid." Therefore, this court finds that the Contract does not provide for an award of attorney's fees for litigating a tort claim. Chen may not recover his attorney's fees under CCPC § 1021.

**B. Chen's Failure to Plead Attorney's Fees Is Irrelevant To The Outcome**

Terra Nova argues that Chen is barred from recovering his attorney's fees because he failed to plead them as a claim in his answer. Rule 7008(b) states that "[a] request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate." Chen did not plead or otherwise request an award of attorney's fees in his answer to Terra Nova's nondischargeability complaint, in his trial brief, or at trial. Chen argues that, notwithstanding Rule 7008(b), a post-trial motion for attorney's fees is sufficient and that he is entitled to relief on the merits under Rule 54(c), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7054. At the hearing to consider the attorney fees motion, Chen offered to amend his answer if necessary.

Even though Chen did not plead his request for attorney's fees in his answer, the court may have discretion to allow leave to amend under the federal rules' liberal pleading regime. "'The

-14-

. . . Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" Foman v. Davis, 371 U.S. 178, 181-182 (1962) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)). Rule 54(c) states in part "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." It may justify "an award of attorneys' fees to a prevailing party who failed to plead for such an award." Engel, 732 F.2d at 1241. Although the rule "was written with prevailing plaintiffs in mind," the Ninth Circuit applies it to prevailing defendants as well. Id.

Fed. R. Civ. P. 15(a), made applicable in adversary proceedings by Fed. R. Bankr. P. 7015, "declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." Foman, 371 U.S. at 182 (internal citation omitted). The court has discretion to grant or deny leave to amend, which should be freely given unless the amendment would cause, among other things, undue prejudice to the opposing party. Id. "Outright refusal to grant the leave without any justifying reason" is abuse of discretion. Id.

Although it is unlikely that Terra Nova would be prejudiced if this court allowed Chen to amend his pleadings, there is ample

-15-

authority supporting denial in attorney's fee actions not governed by 11 U.S.C. § 523(d).  See, e.g., Hartford Police F.C.U. v. DeMaio (In re DeMaio), 158 B.R. 890, 892, 893 (Bankr. D. Conn. 1993) (denying attorney's fees to prevailing creditor who failed to plead a claim for attorney's fees and failed to refer to the claim in pre-trial memoranda); Garcia v. Odom (In re Odom), 113 B.R. 623, 625 (Bankr. C.D. Cal. 1990) (denying attorney's fees to a prevailing creditor who failed to plead a claim for attorney's fees; request for fees in the form of a prayer only insufficient under Rule 7008(b)); S. S., 271 B.R. at 243-244 (creditor's failure to request statutory attorney's fees in advisory complaint bars recovery under Rule 7008(b)).

To resolve the issue, the court would have to balance the conflict between Rules 54(c) and 15(a), on the one hand, and Rule 7008(b) on the other.  However, since Chen is not entitled to recover his attorney's fees pursuant to substantive law, the court need not decide whether his failure to plead bars recovery.

## V. Conclusion

For the reasons set forth above, Chen's motion for attorney's fees will be denied by separate order issued concurrently with this memorandum decision.

**END OF MEMORANDUM DECISION**

-16-